So the afternoon 410-0257, people of the state of Illinois versus Dennis Snell, for the appellant, Mr. Schnack, for the appellee, Ms. Ambrose, you may proceed. Good afternoon, police, court, counsel. My name is Drew Schnack. I'm here on behalf of the original defendant, the appellant. Quite frankly, it's a very simple case, and I don't plan on taking up a lot of your time, hopefully. I've got one question. You know, you can appreciate when you start reading a brief and you see that Robert Cook was the person who pulled this fellow over. I mean, we did do a little bit of a double-take. If it is a relative, it is a distant relative, even from Quincy, but I don't think it's a relative. Good truth, though. I'll give you that. As far as this case is concerned, we have the DVD from the officer's vehicle. The DVD was stipulated and admitted into evidence, and presumably, it accurately portrays what it supports to represent. That DVD, in my opinion, does not support and, in fact, is the exact opposite of the testimony that the officer gave at the hearing and, in my opinion, is the exact opposite of the court's decision in this matter. The DVD, you could not see a thing. My client was driving a truck. The truck was higher than the normal passenger vehicle. The truck was dark on the inside. You could not see whether a man or woman was driving the vehicle, much less whether or not that individual had a seat belt on. I think that accurately is portrayed by the DVD. The state stipulated that. In my opinion, that is the state of the evidence, and I think that gets us to the prima facie case. The officer then testified that he could see in the vehicle. I have all the respect in the world for the trooper. As I stated, he was a good trooper, but the fact of the matter is, I don't know how this trooper could see inside a dark truck at night that was not illuminated. Here's where I see your problem. The trial court found his testimony credible, and we have to give deference to credibility. I understand that. What's your response to that? My response to that is twofold. One, the old instruction, you don't leave your common sense at the door. An individual can't see inside of a dark truck at night. It doesn't seem to me to be physically possible. In addition, it's not supported by the DVD, which the trial court judge stated. It's too dark, I can't see anything. The DVD arguably had the exact same view that the officer had. Probably a longer view, because the officer was driving his vehicle, he was executing a right turn, and his lights and his vehicle would swept past my client's vehicle as he made the turn. Arguably, the DVD had a better view. But you're asking, therefore, this court to reject the trial court's credibility finding. I am. And it's based upon those two factors, coupled with the fact that the officer was driving the vehicle, as opposed to the DVD, which had a view of the entire thing. When you couple that with the fact that there was a Quincy police car behind my client's vehicle, and again, circumstantially, they did nothing. They didn't stop the vehicle. They didn't participate in the stop. They didn't radio in anything. Arguably, they saw nothing either. Again, arguably, had they saw something, they would have initiated the stop prior to the Trooper Cook doing that. So that's basically the situation that we have here, is it's, in my opinion, this decision is against the manifest way to the evidence. The decision is insufficient. The evidence is insufficient to support the denial of my petition to rescind, and that, in some substance, is the case. Thank you. Any questions? No. At least the court and counsel, at the inception, I'd like to point out that his petition for rescission said that there wasn't probable cause for the trooper to believe that he was driving DUI. Whereas, he's trying to get rescission on the ground, that there wasn't probable cause for his stop, based on the seat belt violation. There's a distinction there, depending upon how technical you want to be, but this court has said that you have to allege the grounds in the petition to rescind, because you don't want a blunderbuss argument later on. So he really has forfeited that ground. The trial court, I think, was telling this court that he didn't find a prima facie case was made. He kept telling him after the video was seen, he reminded him he had to make out his prima facie case, and then he said, after he viewed the video, he said, do you want to present more evidence in order to meet your burden? And then the prosecutor, instead of moving for a directed verdict, said, I'll put the trooper on. So it's kind of a procedurally irregular proceeding. The court kept telling the defendant he had to establish his case first, and the defendant said, well, the state's decision to call the trooper Cook would save him the effort of duplicating the effort. So I think that the court statements revealed that it found that he had not even made his prima facie case in the first instance. And then, of course, when you have Cook's testimony, that didn't help his case whatsoever. He said that when he made the turn, he could clearly see into the cab of the truck, and could see that the defendant was not wearing his seat belt. And the prosecutor only said that the video was the video from the squad car camera on the night in question. She didn't say that it duplicated what he had seen. And the court found that he was credible, and that's kind of a tough nut to crack. I mean, the circumstances that he points to as showing that he should not have found him to be credible aren't particularly compelling. The fact that there was a Quincy police officer behind him, he had a different view of the vehicle. He might not have seen the seat belt violation in any event. The statute says he doesn't necessarily have to make the stop at that moment. In addition to the fact that you have the trooper's observation when he approaches the car, the defendant still doesn't have the seat belt on, and then he tells the trooper he forgot to put it on. So, I mean, you have all these factors that corroborate what the trooper said he saw. And the fact that the camera didn't capture necessarily what he saw is not enough to overturn the credibility determination. Any questions? Thank you. Thank you. Take the matter under advisement.